# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 57456-0-II |
| Respondent, | |
| v. | |
| WILLIAM SCOTT AHRENS, | UNPUBLISHED OPINION |
| Appellant. | |

CRUSER, J. – William Ahrens asks that we remand his case to the trial court with instructions to strike his victim penalty assessment (VPA) and his DNA collection fee due to recent statutory changes. The State concedes as to both issues. We accept the State's concession and remand for the VPA and DNA collection fee to be stricken.

## FACTS

The trial court found Ahrens guilty of three crimes following a bench trial. In October 2022, it sentenced him to 8 months' confinement and 12 months' community custody. It waived community custody supervision fees, having found that Ahrens was indigent. The court at sentencing told the parties, "I'm waiving what I can" before it imposed a $500 VPA and a $100 DNA collection fee. Verbatim Rep. of Proc. at 136. It later entered an order of indigency for the purpose of Ahrens' appeal of his judgment and sentence.

ANALYSIS

## I. DNA COLLECTION FEE

DNA collection fees are no longer authorized by statute effective July 1, 2023. RCW 43.43.7541(2); *see also* LAWS OF 2023, ch. 449, § 4. Although the amendment was not in effect at the time of his sentencing, it applies to Ahrens because this case is on direct appeal. *State v. Ramirez*, 191 Wn.2d 732, 747, 426 P.3d 714 (2018). Accordingly, we remand with instructions to strike the DNA collection fee from Ahrens' judgment and sentence.

## II. VICTIM PENALTY ASSESSMENT

Ahrens argues that we should remand for the trial court to strike his $500 VPA, and the State concedes. A recent amendment to RCW 7.68.035 provides that the VPA shall not be imposed against a defendant if the court finds they are indigent at the time of sentencing, effective July 1, 2023. LAWS OF 2023, ch. 449, § 1; RCW 7.68.035(4). The amended statute also requires trial courts to waive any VPA imposed prior to the amendment's effective date if the defendant is indigent and moves for such relief. LAWS OF 2023, ch. 449, § 1; RCW 7.68.035(5). Because his case is on direct appeal, Ahrens is entitled to the benefit of this statutory amendment. *Ramirez*, 191 Wn.2d at 747. The State agrees that Ahrens is indigent for purposes of the imposition of the VPA, and we therefore accept its concession and remand for the VPA to be stricken.

We remand with instruction to strike the DNA collection fee and VPA from Ahrens' judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

No. 57456-0-II

_Cruser, J._
CRUSER, J.

We concur:

_Glasgow, CJ_
GLASGOW, C.J.

_Veljacic, J._
VELJACIC, J.

3